IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | : : : | MDL 1586 |
| In re Excelsior, Federated, Scudder and AMCAP | : : : | Case No. 04-MD-15861 |
| [Scudder subtrack] *Hinton v. Deutsche Bank AG, et al.* | : : | No. 04-1288 |

...o0o...

## MEMORANDUM

The Fund Defendants in this subtrack have moved for reconsideration of the court's denial of their motion to dismiss the plaintiffs' claims under § 36(b) and § 48(a) of the Investment Company Act of 1940.[1]  The motion for reconsideration will be denied as to § 36(b) and granted as to § 48(a).

In urging the court to reverse its § 36(b) ruling, the defendants rely primarily on several recent decisions from the Southern District of New York, which dismissed § 36(b) claims based on allegations that mutual fund advisors charged excessive fees because they shared those fees with brokers who directed additional investors into the funds.  *See, e.g., In re Eaton Vance Mut. Funds Fee Litig.*, 380 F.Supp.2d 222, 236-38 (S.D.N.Y. 2005); *In re Evergreen Mut. Funds Fee Litig.,* 423 F.Supp.2d 249, 257-59 (S.D.N.Y. 2006); *In re Goldman Sachs Mut. Funds*, 2006 WL 126772, at *8-10 (S.D.N.Y., Jan. 17, 2006).  These cases are not binding authority, involve

---

[1] These defendants are: Deutsche Bank AG, Deutsche Investment Management Americas, Inc., Deutsche Asset Management Investment Services, Ltd., Deutsche Asset Management, Inc., Investment Company Capital Corp., Scudder Distributors, Inc., Scudder Investments, Deutsche Asset Management, Thomas F. Eggers, and Richard T. Hale.

distinguishable factual circumstances, and do not represent a consensus view. *See Forsythe v. Sun Life Financial, Inc.*, 417 F.Supp.2d 100, 113-16 (D.Mass. 2006) (declining to dismiss § 36(b) claim based on virtually identical factual allegations).

For example, the plaintiffs in these cases did not claim that the so-called "shelf-space" or "revenue-sharing" schemes allowed advisors to earn fees off large sums of uninvested assets, as the plaintiffs allege here. *Cf. Millenco v. meVC Advisors*, 2002 WL 31051604, at *2 (D.Del., Aug. 21, 2002) (declining to dismiss § 36(b) claim based in part on allegation that advisers received a substantial fee from uninvested cash). In addition, the *Eaton Vance* decision, which was followed by several other courts, found that the plaintiffs' allegations amounted merely to a claim that the advisory fees were used for improper purposes, which is not actionable under § 36(b). *See* 380 F.Supp.2d at 237.

The factual allegations credited by Judge Motz in his Investor Class Opinion of August 25, 2005 sufficiently touch on "the relationship between the fees charged and the services rendered by the investment adviser" to survive dismissal at this stage. *Midgal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 327 (4th Cir. 2001).[2]  I do not agree with the defendants' assertion that the plaintiffs' § 36(b) claims are simply disguised claims for mismanagement of assets or general breach of fiduciary duties. The defendants have not, in sum, shown a valid basis for reconsidering the court's previous ruling.

---

[2] To prevail, the plaintiffs ultimately will need to show that the advisers have charged "a fee so disproportionately large that it bears no reasonable relationship to the services rendered." *Migdal*, 248 F.3d at 327 (quoting *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928 (2d Cir. 1982)). Although the plaintiffs have not yet fully analyzed the relationship between the advisers' fees and the services rendered, they have alleged facts that support an inference that such fees were "disproportionate, excessive, or unearned," which is sufficient at this stage. *Id.* at 328-29.

2

On the other hand, I will adopt Judge Motz's ruling of May 30, 2006 (docket entry no. 2025, 04-MD-15863) and dismiss all claims under § 48(a) against defendants that did not actually receive the compensation targeted by the § 36(b) claims.[3]

Counsel should submit a proposed implementing order within two weeks.

    June 7, 2006                                       /s/

Date                                                    Catherine C. Blake
                                                         United States District Judge

---

[3] In addition, as the Fund Defendants note, numerous district courts have recently found that § 48(a) does not create a private right of action. *See, e.g., Eaton Vance*, 380 F.Supp.2d at 231-33; *Forsythe*, 417 F.Supp.2d at 105-08.